```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DUQUAN FAULK,

                              Plaintiff,                        MEMORANDUM & ORDER
            - against -                                         19-CV-5690 (PKC) (VMS)

SUFFOLK COUNTY CORRECTIONAL
FACILITY, and DR. VINCENT GERACI,
MEDICAL DIRECTOR,

                              Defendants.
----------------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

On October 7, 2019, Plaintiff DuQuan Faulk, currently incarcerated at the Suffolk County Correctional Facility ("SCCF"), filed this *pro se* action pursuant to 42 U.S.C. § 1983. (*See* Complaint ("Compl."), Dkt. 1.) Plaintiff alleges that Defendants denied him adequate medical care during his incarceration at the SCCF. (*See id.* at 4.) The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reason set forth below, the Court dismisses Plaintiff's claim against Defendant SCCF. Plaintiff's claim as against Dr. Vincent Geraci, the Medical Director at the SCCF, shall proceed.

## BACKGROUND

In or around January and February of 2019, Plaintiff injured his knee while playing basketball in the SCCF recreation yard. (Compl., Dkt. 1, at 3−4.) On April 11, 2019, Plaintiff underwent a magnetic resonance imaging ("MRI") test. (*Id.* at 4.) Plaintiff was then scheduled for surgery on July 9, 2019. (*Id.*) However, Plaintiff's surgery was cancelled without explanation. (*Id.* at 5.)

Plaintiff has submitted multiple grievances regarding his injury and the denial of medical care. (*See generally* Exhibit 1, Dkt. 1-1.) Plaintiff's June 19, 2019 grievance was denied because

Plaintiff was receiving ongoing medical care and had an upcoming appointment for surgery. (*Id.* at ECF[1] 6.) Plaintiff's August 9, 2019 grievance was denied, and the SCCF Grievance Coordinator noted that Plaintiff was "receiving ongoing medical care" and would "receive an [appointment] for surgery as soon as the medical center receives the graft they need to perform the surgery." (*Id.* at ECF 5.) Plaintiff appealed the decision, and the Citizen's Policy and Complaint Review Council at the New York State Commission of Correction sustained the SCCF Grievance Coordinator's decision. (*Id.* at 3−4.) Plaintiff again submitted a grievance on August 19, 2019 for the denial of medical care. (*Id.* at 2.) The SCCF Grievance Coordinator denied the grievance on the grounds that "[the] issue [was] already addressed" in the previous grievance. (*Id.*)

As of the filing of the complaint in this matter, Plaintiff had not received any surgery and was still in pain. (Compl., Dkt. 1, at 5.) Plaintiff seeks money damages. (*Id.*)

## DISCUSSION

Under 28 U.S.C. § 1915A, the Court must dismiss a prisoner complaint *sua sponte* if the Court determines that the claim "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). At the same time, when determining the sufficiency of a *pro se* complaint, the Court must look for the strongest arguments that the complaint suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191–93 (2d Cir. 2008). If this liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must give the plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Plaintiff brings his claim against the SCCF and its Medical Director, Dr. Vincent Geraci. "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." *Filippone v. Suffolk Cty. Corr. Facility*, No. 11-CV-4937 (SJF) (AKT), 2012 WL 527050, at *2 (E.D.N.Y. Feb. 14, 2012) (alteration, quotation marks, and citations omitted). The SCCF is an administrative arm of Suffolk County and cannot be sued. *Id.* Accordingly, the Court dismisses Plaintiff's claim against the SCCF with prejudice. *See, e.g.*, *id.* (dismissing the SCCF as a party with prejudice); *Romanello v. Suffolk Cty. Corr. Facility*, No. 14-CV-5607 (JS) (ARL), 2014 WL 6804257, at *2 (E.D.N.Y. Dec. 3, 2014).

## CONCLUSION

For the reason stated above, Plaintiff's claim is dismissed against the SCCF. *See* 28 U.S.C. § 1915A. No summons shall issue as to this Defendant. The Clerk of the Court is respectfully directed to prepare a summons against Defendant Vincent Geraci, and the United States Marshals Service is respectfully directed to serve the summons and complaint upon this Defendant without prepayment of fees. In addition, the Clerk of the Court is respectfully directed to mail a copy of this Memorandum and Order to the Suffolk County Attorney. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 11, 2019
       Brooklyn, New York